UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CALLIE WHITE, RITA KENT,
CATHERINE CLOUTIER and
MARITZA SAAVEDRA,

 Plaintiffs,

v.                Case No: 8:22-cv-1989-CEH-AEP

VENICE HMA, LLC and VENICE
HMA HOLDINGS, LLC,

 Defendants.

## ORDER

Before the Court is the Motion to Stay Discovery and Class Certification Briefing Pending Resolution of Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint filed by Defendants Venice HMA Holdings, LLC, and Venice HMA, LLC, d/b/a Shorepoint Health Venice (Doc. 28). Plaintiffs Callie White, Rita Kent, Catherine Cloutier, and Maritza Saavedra have responded in opposition (Doc. 29). Upon review and consideration, the Court will deny the motion.

## BACKGROUND

On August 25, 2022, Plaintiffs and the putative class members were notified that their location of employment, ShorePoint Venice Hospital, would close on September 22, 2022. Doc. 23 ¶ 28. Plaintiffs subsequently filed this action, alleging that their termination violated the Worker Adjustment and Retraining Notification ("WARN") Act, which requires employers to provide 60 days' advance notice to

employees who are laid off as the result of a plant closing or mass layoff. 29 U.S.C. § 2101 *et seq.* Plaintiffs allege that Defendant failed to provide 60 days' notice of the closure, it was foreseeable as early as April 2022. Doc. 23 ¶ 42. They further allege that the closure resulted in the employment loss of approximately 600 people, including the Plaintiffs. *Id.* ¶ 48.

Defendants have moved to dismiss the Amended Complaint and to stay discovery and class certification briefing pending the resolution of its motion to dismiss. Docs. 27, 28. In its motion to dismiss, Defendants argue that Plaintiffs fail to state a claim and lack standing because they did not experience an "employment loss" as defined by the WARN Act. Doc. 27. Rather, many employees, including some of the Named Plaintiffs, received offers to transfer to a different location. *Id.* Accordingly, Defendants ask the Court to stay the action until the motion is resolved, so that Defendants are spared the expense of discovery and class certification briefing. Doc. 28.

Plaintiffs oppose the motion to stay. Doc. 29. They argue that Defendants have not demonstrated the specific prejudice or undue burden necessary to stay discovery, while Plaintiffs would be prejudiced because they need discovery to support their forthcoming motion for class certification. *Id.* Moreover, they contend that Defendants' motion to dismiss is without merit because the Amended Complaint adequately establishes that the Plaintiffs experienced an employment loss, regardless of their ability to apply for different, inequivalent positions at other locations—positions for which only some of them even received offers. *Id.*

## DISCUSSION

Courts have broad discretion in managing their own dockets. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). This discretion includes the ability to stay discovery if a movant demonstrates good cause and reasonableness. *James v. JPMorgan Chase Bank, N.A.*, No. 8:15-CV-2424-SDM-JSS, 2016 WL 520031, *1 (M.D. Fla. Feb. 9, 2016) (citing Fed. R. Civ. P 26(c)(1)). The pendency of a motion to dismiss normally will not justify a stay of discovery pending the Court's resolution of the motion to dismiss. Middle District Discovery (2021) at Section I.E.4; *see also, e.g.*, *In re Winn Dixie Stores, Inc. Erisa Litig.*, 3:04-cv-194-VMC-MCR, 2007 WL 1877887, *2 (M.D. Fla. June 28, 2007).[1] Indeed, "a stay of discovery pending the resolution of a motion to dismiss is the exception, rather than the rule." *Jolly v. Hoegh Autoliners Shipping AS*, 3:20-cv-1150-MMH-PDB, 2021 WL 1822758, *1 (M.D. Fla. Apr. 5, 2021). "Such motions for stay are rarely granted"—only "unusual circumstances may justify a stay of discovery in a particular case upon a showing of prejudice or undue burden." Middle District Discovery (2021) at Section I.E.4.

---

[1] Although the Eleventh Circuit in *Chudasama v. Mazda Motor Corporation*, 123 F.3d 1353, 1367-68 (11th Cir. 1997) held that "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins," the cause of action subject to dismissal in that case significantly enlarged the scope of discovery and was "especially dubious." *Chudasama* and its progeny actually "stand for the [narrow] proposition that courts should not delay ruling on a likely meritorious motion to dismiss while undue discovery costs mount." *Koock v. Sugar & Felsenthal, LLP*, No. 8:09-cv-609-EAK-EAJ, 2009 WL 2579307, *2 (M.D. Fla. Aug. 19, 2009) (quoting *In re Winn Dixie Stores*, 2007 WL 1877887, at *1).

In determining whether to stay discovery pending the resolution of a motion, the Court "must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997).  In balancing these considerations, the Court may take a "preliminary peek" at the merits of the purportedly dispositive motion to determine if, on the motion's face, "there appears to be an immediate and clear possibility" that the Court will grant the motion, which supports entering a stay. *Id.*  The Court generally denies motions to stay absent a clear indication that Court will dismiss the action in its entirety. *McCrimmon v. Centurion of Fla., LLC*, 3:20-cv-36-BJD-JRK, 2020 WL 6287681, *2 (M.D. Fla. Oct. 27, 2020) (collecting cases); *Jolly*, 2021 WL 1822758, at *1–2.  Finally, the movant must show the necessity, appropriateness, and reasonableness of the proposed stay. *Id.* at *1.

Here, Defendants do not show that unusual circumstances justify the requested stay, that prejudice or an undue burden will result if the Court does not impose a stay, or that a stay is reasonable and necessary in this action.  The pendency of the motion to dismiss, by itself, does not supply good cause or reasonableness for the requested stay.  *See* Middle District Discovery (2021) at Section I.E.4.  Moreover, a preliminary peek at the motion does not demonstrate an immediate and clear possibility that the Court will dismiss the action in full. *See McCrimmon*, 2020 WL 6287681 at *2.  While the Court does not express an opinion on the ultimate merits of the motion to dismiss, the Court is not convinced, upon a preliminary review, that Plaintiffs' allegations exclude them from relief under the WARN Act or that their claims are not ripe for

4

review. Therefore, Defendants have not established adequate grounds for a stay of discovery and class certification briefing.

Accordingly, it is **ORDERED**:

1. Defendants' Motion to Stay Discovery and Class Certification Briefing Pending Resolution of Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint (Doc. 28) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on December 5, 2022.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties