UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

INGRID TETREAULT,
DEBRA CATLETTE, and
CALLIE WHITE, on behalf of
themselves and on behalf of
all others similarly-situated,

    Plaintiffs,

v.      Case No: 8:22-cv-1989-CEH-AEP

VENICE HMA, LLC and VENICE
HMA HOLDINGS, LLC,

    Defendants.

## ORDER

This matter is before the Court on Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement. (Doc. 80). The Court has carefully considered the Motion, the proposed Class Action Settlement Agreement and Release ("Settlement Agreement"), the proposed Notices of Settlement, and the declarations submitted in support of the Motion. Being fully advised in the premises of the proposed Class Action Settlement Agreement, the Court now finds and hereby **GRANTS** the Motion for Preliminary Approval (Doc 80) and **ORDERS** as follows:

    1.    All defined terms contained herein shall have the same meaning as set forth in the Settlement Agreement executed by the Parties and filed with the Court.

    2.    The original Complaint in this lawsuit was filed on August 29, 2022. Plaintiffs' Complaint alleged that Defendant violated the Worker Adjustment and

Retraining Notification Act ("WARN Act") by terminating the Named Plaintiffs with no advance notice in violation of the WARN Act. Defendants deny the allegations.

3. The Court has jurisdiction over the subject matter of the Action, the Class Representatives, the Settlement Class Members, and Defendants. Additionally, the Court finds, for purposes of settlement, that Plaintiffs and the Class Members have Article III standing.

4. The Court preliminarily approves the Settlement and the terms set forth in the Settlement Agreement, subject to further consideration at the Final Approval Hearing after members of the Settlement Class have had an opportunity to consider the Settlement Agreement and to object to the Settlement.

5. Pursuant to Federal Rule of Civil Procedure 23, the Court certifies the following Settlement Class, which is:

> All persons employed by Defendants who worked at ShorePoint Health Venice, who were laid off or terminated without cause on their part on or about August 29, 2022 or within 30 days of that date, as part of, or as the reasonably expected consequence of, a mass layoff and/or plant closure as defined by the WARN Act, who do not timely opt-out of the class, but excluding individuals who were PRN employees or were employed at the nearby ShorePoint Health Venice HealthPark.

6. The Court finds that the Settlement Class meets the criteria for certification under Federal Rule of Civil Procedure 23(a). The class consists of approximately 435 persons. Thus, the class is sufficiently numerous, and joinder of all potential class members is impractical. For settlement purposes, there are also questions of law and fact common to the Settlement Class with respect to the WARN Act claims at issue here. In that regard, Plaintiffs' claims are typical of the claims of

the Settlement Class. Finally, Plaintiffs and their counsel have fairly and adequately represented the interests of the Settlement Class.

7. The Court further finds that, for settlement purposes, the Settlement Class meets the criteria for certification under Federal Rule of Civil Procedure 23(a) and 23(b)(3). Prosecuting separate actions by individual Settlement Class Members would create a risk of inconsistent or varying adjudications with respect to individual Settlement Class Members that would establish incompatible standards of conduct for Defendants, and would create a risk of adjudications with respect to individual Settlement Class Members that, as a practical matter, would be dispositive of the interests of other Settlement Class Members and would substantially impair or impede their ability to protect their interests.

8. Luis A. Cabassa, Brandon J. Hill, and Amanda E. Heystek from Wenzel Fenton Cabassa, P.A., are hereby appointed as Class Counsel for the Settlement Class.

9. Named Plaintiffs, Ingrid Tetreault, Debra Catlette, and Callie White, are hereby appointed Class Representatives for the Settlement Class.

10. The Court finds on a preliminary basis that the terms of the Settlement are fair, reasonable, and adequate. The Court further finds that the Settlement is the result of arm's-length negotiations conducted initially with the assistance of a class action mediator.

11. The Court therefore grants preliminary approval of the Settlement.

12. More specifically, the Court finds and concludes that the Notices of Settlement, both the Short Form postcard notice (which will be mailed to Settlement

Class Members) and the Long Form Notice (which will be mailed to Settlement Class Members), attached as Exhibit C and Exhibit D to the Motion for Preliminary Approval of Class Action Settlement, respectively, and the procedures set forth in the Settlement Agreement for providing notice to the Settlement Class satisfy the notice requirements of Rule 23, adequately advise Settlement Class Members of their rights under the Settlement Agreement and meet the requirements of due process. The Notices of Settlement fairly, plainly, accurately, and reasonably provide Settlement Class Members with all required information, including (among other things): (1) a summary of the lawsuit; (2) a clear definition of the Settlement Class; (3) a description of the material terms of the Settlement; (4) a disclosure of the release of claims; (5) instructions as to how to object to the Settlement and a date by which Settlement Class Members must object; (6) the date, time, and location of the Final Approval Hearing; (7) contact information for the Settlement Administrator; and (8) the amount that Class Counsel may seek in attorneys' fees and expenses.

13. The proposed plan for mailing the Short Form Postcard Notice of Settlement by U.S. First Class Mail to the members of the Settlement Class is an appropriate method, reasonably designed to reach those individuals who would be bound by the Settlement. The Short Form Postcard Notice will direct the Settlement Class Members to the Long Form Notice which will then provide access to additional information. Accordingly, the Court approves the Notices of Settlement, attached as Exhibit C and Exhibit D to the Motion for Preliminary Approval of Class Action

Settlement, and the manner of distributing the Notices of Settlement to the Settlement Class.

14. Any Settlement Class Member who wishes to object to the Settlement must submit a written statement of objection to the Administrator, postmarked no later than 60 days after the Class Notice Date.  The statement of objection must state the case name and number; specify the basis for the objection; state whether it applies only to the objector, to a specific subset of the class, or the entire class; provide the name, address, telephone number, and email address of the Settlement Class Member making the objection; and indicate whether the Settlement Class Member intends to appear at the Final Approval Hearing, either with or without counsel.  In addition, any statement of objection must be personally signed by the Settlement Class Member and, if represented by counsel, then also by counsel.  Any Settlement Class Member who fails to timely object to the Settlement in the manner specified above shall be deemed to have waived any objections to the Settlement and shall be foreclosed from making any objections, whether by appeal or otherwise, to the Settlement.

15. The form of notice under the Class Action Fairness Act of 2005 ("CAFA") submitted as Exhibit E to the Motion for Preliminary Approval of Class Action Settlement complies with the requirements of CAFA and will, upon mailing, discharge Defendants' obligations pursuant to CAFA.

16. The Final Approval Motion shall be filed no later than fourteen (14) days prior to the date of the Final Approval Hearing, and in the Final Approval Motion Class Counsel shall address any timely submitted objections to the Settlement.

Additionally, Plaintiffs' Motion for Attorneys' Fees and Costs shall be filed no later than fourteen (14) days prior to the objection deadline for Class Members.

17. The Court will conduct a Final Approval Hearing on **September 19, 2024, at 10:00 A.M.** in Courtroom 13A, Sam M. Gibbons United States Courthouse, 801 N. Florida Avenue, Tampa, FL, which is not less than one hundred (100) days from the date Plaintiffs filed their Motion for Preliminary Approval of Class Action Settlement, to determine whether the Settlement is fair, reasonable, and adequate and if final approval should be granted; whether any objections to the Settlement should be overruled; and whether Class Counsel's motion for attorneys' fees and expenses should be granted.

**DONE** and **ORDERED** in Tampa, Florida on June 10, 2024.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

6